Harvinder SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–72845.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 18, 2007.

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Audrey B. Hemesath, Esq., San Francisco, CA, Office of the U.S. Attorney, Sacramento, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, CLIFTON and BEA, Circuit Judges.

MEMORANDUM **

Harvinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

which adopted and affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

We review the IJ's decision for substantial evidence, *Abebe v. Gonzales,* 432 F.3d 1037, 1039–40 (9th Cir.2005) (en banc), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because the IJ relied on inconsistencies between Singh's testimony and documentary evidence that go to the heart of his asylum claim, including inconsistencies regarding whether Singh received medical treatment after the two arrests. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

Because Singh did not establish that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence also supports the denial of CAT relief because Singh did not establish that it is more likely than not that he will be tortured if he returns to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**